**Below is a Memorandum Decision of the Court.**

_____
**Marc Barreca
U.S. Bankruptcy Court Judge**
(Dated as of Entered on Docket date above)

_____

# IN THE BANKRUPTCY COURT OF THE UNITED STATES FOR
# THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| In re: | Case No. 11-13961-MLB (CH. 7) |
|---|---|
| MARY FUNG KOEHLER, | **MEMORANDUM OPINION DENYING MOTION TO AVOID JUDICIAL LIEN ON REAL ESTATE** |
| Debtor. | |

This matter came before the Court on Debtor's Motion to Avoid Judicial Lien on Real Estate (the "Motion to Avoid Judicial Lien") in which Debtor seeks to avoid the judicial lien held by the Estate of Rexford Lawrence (the "Estate of Lawrence") on real property known as 14058 NE 181st Street, Unit F-204, Woodinville, WA 98072 (the "Property") pursuant to Bankruptcy Code § 522(f)[1] on the basis that the judicial lien impairs her homestead exemption. *See* Dkt. No. 23.[2] For the reasons set forth more fully herein, the Court denies Debtor's Motion to Avoid Judicial Lien.

---

[1] Unless otherwise specified, all "Code" and "Section" references herein are to the United States Bankruptcy Code, codified at 11 U.S.C. §§ 101 *et seq*.

[2] Unless otherwise specified, all docket references herein are made to *In re Koehler,* 11-13961-MLB (Bankr. W.D. Wash. filed April 6, 2011).

Memorandum Opinion Denying Motion to Avoid Judicial Lien - 1

**Below is a Memorandum Decision of the Court.**

## Background

In or about 1999, Debtor[3] assisted Rexford Lawrence in purchasing the Property by financing it through the use of Debtor's credit. It was agreed that Mr. Lawrence would occupy the Property under a long-term lease, with an option to purchase the Property at some later time. Mr. Lawrence resided at the Property from the time of its purchase, and paid all of the expenses associated with the Property. On or about September 2005, Mr. Lawrence gave notice to Debtor of his exercising the option to purchase the Property. Debtor refused to honor the option and refused to convey title to Mr. Lawrence.

Mr. Lawrence sued Debtor for her failure to honor the option. *Lawrence v. Koehler*, King County Superior Court of Washington (the "Superior Court") Cause No. 06-2-05945-0 SEA. The Superior Court found, as a matter of law, that Ms. Koehler "breached her obligations under the Option without legal excuse when she failed to honor [Mr. Lawrence's] notice of exercise." Following trial on the issue of damages, judgment was entered on March 18, 2008 against Debtor and in favor of Mr. Lawrence in the amount of $108,496.77, plus statutory costs and fees. This amount represented the "amount of equity" that Mr. Lawrence "was entitled to receive" as of the date of exercise. The judgment was recorded on July 3, 2008, Document No. 20080703000167, giving rise to a judicial lien on the Property (the "Judicial Lien"). Debtor has made no payments toward the judgment.

On February 7, 2008, Debtor filed an unlawful detainer action against Mr. Lawrence to evict him from the Property. *Koehler v. Estate of Lawrence*, Superior Court Cause No. 08-2-05568-0 SEA. Further, on April 26, 2008, Debtor recorded a Declaration of Homestead with regard to the Property in King County. To date, the unlawful detainer action remains open and pending in Superior Court.

On April 6, 2011, Debtor filed her Chapter 7 voluntary petition. Dkt. No. 1. She listed the Property on Schedule A, valued at $190,650, and indicated that it was subject to a first position mortgage in the amount of $67,276. *Id.* On Schedule C Debtor claimed a state law homestead

---

[3] For ease of reading, the term "Debtor" is used to refer to Ms. Mary Fung Koehler throughout this order.

Memorandum Opinion Denying Motion to Avoid Judicial Lien - 2

**Below is a Memorandum Decision of the Court.**

exemption of $125,000 in the Property, pursuant to RCW 6.13.0303(2). *Id.* On July 14, 2011, Debtor obtained her discharge, and her case was closed on July 18, 2011. *See* Dkt. No. 21.

On July 25, 2011, Debtor filed the instant Motion to Avoid Judicial Lien, and on August 18, 2011 brought an *ex parte* motion to reopen her Chapter 7 case. *See* Dkt. Nos. 23 and 26. The Court reopened Debtor's case on August 24, 2011. Dkt. No. 35.

In her Motion to Avoid Judicial Lien, Debtor argued that the Judicial Lien held by the Estate of Lawrence impaired her homestead exemption and was avoidable pursuant to 11 U.S.C. 522(f). The Estate of Lawrence filed a response to Debtor's Motion to Avoid Judicial Lien, and declarations in support thereof, asserting that in addition to the Judicial Lien, the Estate of Lawrence had an *equitable lien* on the Property which defeated Debtor's claimed homestead exemption. *See* Dkt. Nos. 38-40. In support, the Estate of Lawrence attached an order of the Superior Court dated August 26, 2011, entered in the matter of *Koehler v. Estate of Lawrence,* Superior Court Cause No. 08-2-05568-0 SEA, which provided that: "Given the facts of this matter, defendant is entitled to an equitable lien on the property at issue, and this equitable lien defeats plaintiff's Declaration of Homestead" (the "Equitable Lien").

At the hearing on Debtor's Motion to Avoid Judicial Lien, held on September 9, 2011, the Court concluded that Washington state law regarding the nature of the Judicial Lien and Equitable Lien was determinative of whether the Judicial Lien and/or Equitable Lien held by the Estate of Lawrence defeated Debtor's homestead exemption and/or could be avoided pursuant to § 522(f). The Court further intimated to the parties the legal necessity of determining when the Equitable Lien identified by the Superior Court in its August 26, 2011 order arose and attached to the Property. The Court continued the matter to December 9, 2011 to permit the parties to submit further briefing.

As the unlawful detainer action was still pending in Superior Court, the Estate of Lawrence returned to Superior Court to seek clarification regarding the Equitable Lien. On November 22, 2011, the Superior Court entered an Order Granting Defendant's Motion for Determination of Date of Attachment of Equitable Lien, providing:

> As set forth in this Court's Order dated August 26, 2011 . . . there is an equitable lien (the "Equitable Lien") in favor of Estate of Rexford Lawrence on the following legally described property: Unit204, Building

Memorandum Opinion Denying Motion to Avoid Judicial Lien - 3

F, Le Chardonnay, a condominium . . . The Equitable Lien secures the full amount of the judgment entered against Mary Fung Koehler in King Co. Cause No. 0[6]-2-05945-0 SEA, including all accrued interest . . . The Equitable Lien arose and attached to the Property simultaneously with Mary Fung Koehler's acquisition of her ownership interest in the Property. Accordingly, the Equitable Lien had attached to the Subject Property when Ms. Koehler acquired her interest in it, and Ms. Koehler acquired her ownership interest in the Property subject to the existing Equitable Lien.

The Court heard Debtor's continued Motion to Avoid Judicial Lien on December 9, 2011.

<u>Relevant Law</u>

Pursuant to 11 U.S.C. 522(f), the "debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is . . . a judicial lien." The term 'judicial lien' means a lien "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. 101(36). "An equitable lien is a right, enforceable only in equity, to have a demand satisfied from a particular fund or specific property, when one does not have possession or title to such property." *In re Farnsworth*, 384 B.R. 842, 849 (Bankr. D. Ariz. 2008) (citing BLACK'S LAW DICTIONARY, "Lien" (8th ed. 2004)). Courts differ on whether equitable liens are considered judicial liens. *Id.* at 851. In the Ninth Circuit, at least under some circumstances, "equitable liens" can constitute "judicial liens" that are potentially subject to avoidance under 522(f).[4]

---

[4] Equitable liens can arise in a variety of ways, including, but not limited to, by express contract, parties' intentions, and judicial decree. *See Farnsworth*, 384 B.R. at 849-50 (illustrating some of the ways in which equitable liens can arise). A Ninth Circuit case, *Stedman v. Pederson*, 875 F.2d 781 (9th Cir. 1989), has been cited broadly for the proposition that in the Ninth Circuit "equitable liens" constitute "judicial liens." *See e.g., In re* Stone, 119 B.R. 222, 228 (Bankr. E.D. Wash. 990 ("The ruling in *Pederson* is controlling on this court, therefore 'equitable liens' constitute 'judicial liens' in this Circuit."). However, *Pederson* has also been interpreted more narrowly to apply only to judicially-

Memorandum Opinion Denying Motion to Avoid Judicial Lien - 4

In *Farrey v. Sanderfoot*, the United States Supreme Court held that "unless the debtor had the property interest to which the lien attached at some point *before* the lien attached to that interest, he or she cannot avoid the fixing of the lien under the terms of 522(f)(1)." 500 U.S. 291, 296 (1991) (emphasis in original). "The critical inquiry remains whether the debtor ever possessed the interest to which the lien fixed, before it fixed." *Id.* at 299; *see also Estate of Catli v. Catli* (*In re Catli*), 999 F.2d 1405, 1408 (9th Cir. 1993). If the debtor did not possess the interest to which the lien fixed before it fixed, section § 522(f) "does not permit the debtor to avoid the fixing of the lien on that interest." *Sanderfoot*, 500 U.S. at 299. "Whether [a debtor] ever possessed an interest to which the lien fixed, before it fixed, is a question of state law." *Id.*

Case law in this Circuit regarding the interplay between § 522(f) and equitable liens is scant, but this Court finds *Farnsworth*, 384 B.R. 842 (Bankr. D. Ariz. 2008), instructive. In *Farnsworth*, the state court granted a creditor an equitable lien, but before the order memorializing the equitable lien was reduced to final judgment, the debtor filed for bankruptcy. 384 B.R. at 846. The debtor alleged that even if the equitable lien existed it was only "floating equity" until the judgment was entered, thus it could not come ahead of her homestead exemption. *Id.* at 849. Alternatively, the debtor argued that the equitable lien constituted a "judicial lien," avoidable pursuant to 522(f). *Id.* The Arizona Bankruptcy Court reasoned:

---

imposed equitable liens, such as those that arise in dissolution proceedings. *See Estate of Catli v. Catli*, 999 F.2d 1405, 1407 n.3 (9th Cir. 1993) ("The *Sanderfoot* decision, however, has not overruled our holding in *Pederson* that a lien imposed by a court in a divorce proceeding is a judicial lien."); *Farnsworth*, 384 B.R. at 851. Thus, depending on how *Pederson* is read, only some equitable liens may constitute "judicial liens" for purposes of § 522(f). Resolving the issue is not necessary for the instant opinion because the Court concludes that under the circumstances set forth herein, the Judicial Lien is not avoidable.

**Below is a Memorandum Decision of the Court.**

> There is no question that, once entered, [the creditor's] judgment will become a judgment lien for a definite sum . . . The equitable lien portion, which will be imposed by a judgment, will be deemed to have existed before the judgment (because of the relation back doctrine applicable to the *lis pendens* recordation). Thus, it would be inequitable to allow Debtor to use the homestead law or bankruptcy law to shelter her unjust enrichment. . . . Therefore, [the creditor's] equitable lien must come before Debtor's homestead exemption, and the Superior Court's findings must be given legal effect.

*Id.* at 850-51. Alternatively, the Court ruled that the equitable lien was not avoidable under § 522(f) because even if the equitable lien was classified as a "judicial lien" for purposes of § 522(f), it arose prior to the debtor's purchase of the real property. *Id.* at 851; *see also Catli*, 999 F.2d 1405, 1408 (9th Cir. 1993) (concluding that §522(f) did not apply to avoid an equitable lien because the debtor never possessed an interest to which the creditor's lien attached, *before* it attached); *c.f. Van Deusen v. Keys*, 2010 U.S. Dist. LEXIS 66722, at *19-20 (C.D. Cal. 2010) (identifying the time of an equitable lien's attachment to certain property as the critical question with regard to whether it could be avoided pursuant to §522(f)); *but see Huskey v. Huskey*, 183 B.R. 218 (Bankr. S.D. Cal. 1995). In other words, "Section 522(f)(1) does not concern itself with liens affixed on a debtor's interest before the debtor acquired that interest." *Catli*, 999 F.2d at 1408.

<u>Analysis</u>

On March 18, 2008, the Superior Court entered judgment against Debtor and in favor of Mr. Lawrence in the amount of $108,496, plus statutory costs and fees. On July 3, 20008, the Judicial Lien in favor of Mr. Lawrence arising from the judgment was recorded against the Property. Several years thereafter, on August 26, 2011, in Cause No. 08-2-05568-0 SEA, the Superior Court also recognized an Equitable Lien against the Property in favor of the Estate of Lawrence. Notably, on November 22, 2011, the Superior Court entered an order clarifying that the Estate of Lawrence's Equitable Lien *secured the full amount of the judgment* entered against the Debtor in King County Cause No. 06-2-

05945-0 SEA. The November 22, 2011 order further clarified that the Estate of Lawrence's Equitable Lien had attached to the Property at the time Debtor acquired her interest in it, and that Debtor acquired her ownership interest in the Property *subject to* the existing Equitable Lien.

This Court concludes that the Superior Court's August 26, 2011 and November 22, 2011 orders clarified not only the genesis and scope of the Equitable Lien, but also the nature and character of the Judicial Lien. In Washington, equitable liens are *recognized* when "there is some instrument upon which they may be based and a sum of money due another." *Prudential Sav. & Loan Ass'n v. Stewart*, 189 Wash. 571, 576 (1937) (emphasis added). The Superior Court's orders, read together, establish that the Judicial Lien recorded on July 3, 2008 memorializes and recognizes the Equitable Lien that existed on the Property prior to Debtor acquiring her interest in it. Because the Judicial Lien memorializes the Equitable Lien, the Judicial Lien cannot be considered in isolation apart from the Equitable Lien.[5] In other words, the Judicial Lien memorializing the Equitable Lien relates back to the time the Equitable Lien arose.

Therefore, Debtor's homestead exemption is subject to Judicial Lien memorializing the Equitable Lien, and the Judicial Lien cannot be avoided pursuant to § 522(f). *See Sanderfoot*, 500 U.S. at 299; *Farnsworth*, 384 B.R. 850-51. Moreover, even if the Equitable Lien were considered apart from the Judicial Lien, it cannot be avoided pursuant to § 522(f) since Debtor did not possess an interest in the Property *before* the Equitable Lien fixed. *See Sanderfoot*, 500 U.S. at 299; *Catli*, 999 F.2d at 1408.

Conclusion

---

[5] At oral argument, this Court remarked that Debtor's Motion to Avoid Judicial Lien was granted *to the extent* that the Judicial Lien was separate and divisible from the Equitable Lien. However, upon further study of the Superior Court's August 26, 2011 and November 22, 2011 orders, this Court is convinced that the Judicial Lien memorializes the Equitable Lien and should not be considered in isolation.

Memorandum Opinion Denying Motion to Avoid Judicial Lien - 7

Case 11-13961-MLB    Doc 59    Filed 01/19/12    Ent. 01/19/12 11:55:17    Pg. 7 of 8

**Below is a Memorandum Decision of the Court.**

For the reasons set forth above, Debtor's Motion to Avoid Judicial Lien is DENIED.

/// End of Order ///